## No. 491.

## CITY OF SHREVEPORT *v.* J. W. JONES.

The judgment appealed from in this case was not rendered without due process of law, as alleged. Publication of notice to the taxpayer, as provided by law, is the mode of citing delinquent taxpayers in the city of Shreveport, and that is due process. The Legislature has the power and discretion to regulate the manner of citing parties to appear before the courts of the State.

The title of the act incorporating the city of Shreveport is, "An Act to incorporate the city of Shreveport, define its limits and provide for its better police and municipal government." Taxes are necessary to "provide for the better police and municipal government" thereof, and germane to the objects indicated in the title of the law; and this satisfies the requirements of the constitution.

APPEAL from the Parish Court, parish of Caddo. *Cresswell,* J. *T. Alexander,* for plaintiff and appellee. *J. W. Jones,* defendant, in *propria persona.*

LUDELING, C. J. This is an appeal from a judgment condemning the defendant to pay $255 38 city taxes and costs.

The only questions which are cognizable by this court are those relating to the constitutionality of the law regulating said taxes.

*First*—The defendant says "the judgment was rendered without due process of law, and is contrary to the constitution of the United States and of this State. The judgment was rendered after due publication of the notice as provided by law. This is the mode of citing delinquent taxpayers in the city of Shreveport, provided by law, and that is due process. The Legislature has the power and discretion to regulate the manner of citing parties to appear before the courts of the State.

*Second*—Because " the act of the Legislature incorporating the city of Shreveport, approved twenty-seventh of April, 1871, is unconstitutional, and repugnant to article 114 of the constitution of this State, for the reason that the object or objects of the law, as to the mode of citing delinquent taxpayers is not expressed in its title, for which reason, the want of legal citation, the judgment is null and void."

The title of the act questioned is, " an act to incorporate the city of Shreveport, define its limits, and provide for its better police and municipal government."

This title is comprehensive and full, and clearly indicates the objects of the act incorporating the city of Shreveport. To " provide for its better police and municipal government " taxes are necessary, and germane to the objects indicated in the title of the law; and this satisfies the requirements of the constitution.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.